DAVID F. BEACH, ESQ. (SBN 127135)
SCOTT A. LEWIS, ESQ. (SNB 277181)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, Fourth Floor
Santa Rosa, CA 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorney for Defendants
CITY OF WILLITS, a public entity; and
WILLITS POLICE OFFICER KEVIN LEEF

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEUROTH, Individually and as Successor in Interest of Decedent STEVEN KELLOGG NEUROTH,<br><br>Plaintiff(s),<br><br>vs.<br><br>MENDOCINO COUNTY, a public entity; MENDOCINO COUNTY SHERIFF-CORONER THOMAS D. ALLMAN, individually; CORRECTIONS CAPTAIN TIM PEARCE; SERGEANT LORI KNAPP; DEPUTY FRANK MASTERSON; DEPUTY CRAIG BERNARDI; DEPUTY MICHAEL GRANT; DEPUTY JEANETTE HOLUM; DEPUTY ROBERT PAGE; DEPUTY CHRISTINE DE LOS SANTOS; CITY OF WILLITS, a public entity; WILLITS POLICE OFFICER KEVIN LEEF; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; TAYLOR FITHIAN, M.D.; JENNIFER L. CAUDILLO, L.V.N., and COUNTY DEPUTIES DOES 9–20, and DOES 23–35, individually, jointly, and severally,<br><br>Defendant(s). | CASE No. 3:15-CV-03226-RS<br><br>**DEFENDANTS', CITY OF WILLITS AND WILLITS POLICE OFFICER KEVIN LEEF, ANSWER TO THIRD AMENDED COMPLAINT** |

Defendants City of Willits and Willits Police Officer Kevin Leef (hereinafter collectively, "City Defendants") hereby submits their Answer to the Third Amended Complaint for Damages (the "TAC") filed in this action on June 8, 2016 (Dkt. No. 72), and allege as follows.

## JURISDICTION

1. The allegations in the first sentence of paragraph 1 of the TAC consists of characterizations of Plaintiff's claims and therefore do not require a responses; such allegations are neither admitted nor denied. City Defendants admit the allegations contained in the second two sentences of paragraph 1 of the TAC. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the remaining allegations contained in paragraph 1 to respond, and therefore deny such remaining allegations.

## INTRADISTRICT ASSIGNMENT

2. City Defendants admit the allegations contained in paragraph 2 of the TAC.

## PARTIES AND PROCEDURE

3. With respect to the allegations in paragraph 3 of the TAC, City Defendants are informed and believe that Plaintiff James Neuroth ("plaintiff") is the brother of decedent Steven Neuroth ("decedent"), and a resident of the State of California. City Defendants acknowledge that plaintiff brings certain claims individually and as a successor in interest for the decedent pursuant to California Code of Civil Procedure §§ 377.10 *et seq.* City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the remaining allegations contained in paragraph 3 to respond, and therefore deny such remaining allegations.

4. The allegations in paragraph 4 of the TAC consist of characterizations of plaintiff's claims and therefore do not require a response; such allegations are neither admitted nor denied. To the extent a response is required, City Defendants admit that plaintiff seeks the identified relief by deny that plaintiff is entitled to any relief herein.

5. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 5 of the TAC to respond, and therefore deny such allegations.

6. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 6 of the TAC to respond, and therefore deny such allegations.

7. City Defendants lack sufficient knowledge, information, or belief as to the

truthfulness of the allegations contained in paragraphs 7 of the TAC to respond, and therefore deny such allegations.

8. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 8 of the TAC to respond, and therefore deny such allegations.

9. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 9 of the TAC to respond, and therefore deny such allegations.

10. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 10 of the TAC to respond, and therefore deny such allegations.

11. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 11 of the TAC to respond, and therefore deny such allegations.

12. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 12 of the TAC to respond, and therefore deny such allegations.

13. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 13 of the TAC to respond, and therefore deny such allegations.

14. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 14 of the TAC to respond, and therefore deny such allegations.

15. With respect to the allegations in paragraph 15 of the TAC, City Defendants admit that the City of Willits is a public entity which is a political subdivision of the State of California. City Defendants also admit that the Willits Police Department is an administrative subdivision of the City of Willits. City Defendants deny all remaining allegations contained in paragraph 15 of the TAC.

16.     With respect to paragraph 16 of the TAC, City defendants admit that, at all times mentioned in the TAC, Defendant Officer Kevin Leef ("Officer Leef") was employed by the City of Willits as a police officer, and thus was a public employee for the City. City Defendants further admit that, with respect to the allegations contained in the TAC, Officer Leef was at all times acting within the course and scope of his employment. City Defendants further acknowledge that Officer Leef has been sued individually in this case. City Defendants deny all remaining allegations contained in paragraph 16 of the TAC.

17.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 17 of the TAC to respond, and therefore deny such allegations.

18.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 18 of the TAC to respond, and therefore deny such allegations.

19.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 19 of the TAC to respond, and therefore deny such allegations.

20.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 20 of the TAC to respond, and therefore deny such allegations.

21.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 21 of the TAC to respond, and therefore deny such allegations.

22.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 22 of the TAC to respond, due to their lack of specificity, and therefore deny such allegations.

23.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 23 of the TAC to respond, due to their lack of specificity, and therefore deny such allegations.

24. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 24 of the TAC to respond, due to their lack of specificity, and therefore deny such allegations.

25. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 25 of the TAC to respond, due to their lack of specificity, and therefore deny such allegations.

26. City Defendants lack sufficient knowledge that the plaintiff timely submitted a tort claim to the City. City Defendants deny all remaining allegations contained in paragraph 26 of the TAC.

27. The allegations in paragraph 27 of the TAC consist of a purported statement of law, requiring no response; such allegations are neither admitted nor denied.

28. The allegations in paragraph 28 of the TAC consist of a purported statement of law, requiring no response; such allegations are neither admitted nor denied.

## GENERAL ALLEGATIONS

29. By this reference, City Defendants re-allege and incorporate all of their responses to each and every paragraph contained in the TAC as though fully set forth herein.

30. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in the first sentence of paragraph 30 of the TAC to respond, and therefore deny such allegations. Based on information and belief, City Defendants admit the allegations contained in the second sentence of paragraph 30, except the allegations relating to the decedent's alleged height, which are denied.

31. With respect to the allegations contained in paragraph 31 of the TAC, City Defendants admit that the identified officers with the Willits Police Department contacted the decedent in public on June 10, 2014, at approximately 10:00 pm; that a Willits Police Department report states the decedent told officers that he believed an unknown person was after him, that the traffic in Willits was going to hurt him, that there were snakes on the floor of the patrol vehicle, and that the decedent then started to scream, that a Willits Police Officer arrested the decedent on suspicion that he was under the influence of a controlled substance in violation of California Health

1  and Safety Code § 11550(a); that a Willits Police Department officer took the decedent to the
2  Mendocino County jail; and that decedent was booked into jail and held as a pretrial detainee. City
3  Defendants deny all remaining allegations in paragraph 31 of the TAC.

4      32. With respect to the allegations contained in paragraph 32 of the TAC, City
5  Defendants deny all allegations in paragraph 32 of the TAC.

6      33. With respect to the allegations contained in the first sentence of paragraph 33, City
7  Defendants admit that Defendant Jennifer Caudillo took the decedent's vital signs while he was
8  being booked into the Mendocino County jail at approximately 11:40 p.m. on June 10, 2014, and
9  that a report states that the decedent's heart rate was 129 beats per minute, his blood pressure was
10 151/92, and his respiration rate was 18 breaths per minute. City Defendants deny all remaining
11 allegations contained in paragraph 33 of the TAC.

12     34. City Defendants lack sufficient knowledge, information, or belief as to the
13 truthfulness of the allegations contained in paragraph 34 of the TAC to respond, and therefore deny
14 such allegations.

15     35. City Defendants deny the allegations contained in paragraph 35 of the TAC.

16     36. With respect to paragraph 36 of the TAC, City Defendants admit that Defendant
17 Officer Leef was required to participate in taking the decedent to the ground using control holds
18 because the decedent was uncooperative and physically combative, and that the decedent was
19 placed in a safety cell at some point. City Defendants deny all remaining allegations contained in
20 paragraph 36 of the TAC.

21     37. With respect to paragraph 37 of the TAC, City Defendants admit that Defendant
22 Office Leef was required to participate in taking the decedent to the ground using control holds
23 because the decedent was uncooperative and physically combative, and that the decedent was
24 placed in a safety cell at some point. The allegations contained in the third sentence of paragraph
25 37 purports to describe a California regulation that is not relevant to this proceeding, and thus no
26 response is required; such allegation is neither admitted nor denied. City Defendants deny all
27 remaining allegations contained in paragraph 37 of the TAC.

28     38. With respect to the first sentence of paragraph 38, upon information and belief, City

defendants admit that most, if not all, law enforcement agencies as a matter of routine train their peace officer personnel in avoiding asphyxiation of individuals during restraint. City Defendants deny all remaining allegations contained in paragraph 38 of the TAC.

39. With respect to the allegations in paragraph 39 of the TAC, and based on their information and belief, City Defendants admit that the decedent was pronounced dead on June 11, 2014 at approximately 12:46 a.m. City Defendants deny all remaining allegations contained in paragraph 39 of the TAC.

40. City Defendants deny the allegations contained in paragraph 40 of the TAC.

41. City Defendants deny the allegations contained in paragraph 41of the TAC.

42. With respect to the allegations in paragraph 42 of the TAC, City Defendants admit that the decedent had been arrested for a non-violent crime. City Defendants deny all remaining allegations contained in paragraph 42.

43. City defendants deny the allegations contained in paragraph 43 of the TAC.

44. City Defendants deny the allegations contained in paragraph 44 of the TAC.

45. City Defendants deny the allegations contained in paragraph 45 of the TAC.

46. City Defendants deny the allegations contained in paragraph 46 of the TAC.

47. With respect to the allegations in paragraph 47 of the TAC, City Defendants admit that the decedent was transferred to Ukiah Valley Medical Center and are informed and believe that he was pronounced dead there of cardiac arrest at about 12:46 a.m. on June 11, 2014. City Defendants deny all remaining allegations contained in paragraph 36.

48. City Defendants deny the allegations contained in paragraph 48 of the TAC.

49. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 49 of the TAC to respond, and therefore deny such allegations.

50. City Defendants deny the allegations contained in paragraph 50 of the TAC.

51. The allegations contained in paragraph 51 of the TAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

52. The allegations contained in paragraph 52 of the TAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

53. The allegations contained in paragraph 53 of the TAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

54. The allegations contained in paragraph 54 of the TAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

55. The allegations contained in paragraph 55 of the TAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

56. The allegations contained in paragraph 56 of the TAC consist solely of an alleged statement of law, to which no response is required; such allegations are neither admitted nor denied.

57. The allegations contained in paragraph 57 of the TAC consist solely of an alleged statement of law, to which no response is required; such allegations are neither admitted nor denied.

58. The allegations contained in paragraph 58 of the TAC consist solely of an alleged statement of law, to which no response is required; such allegations are neither admitted nor denied.

59. The allegations contained in paragraph 59 of the TAC consist solely of an alleged statement of legal standards, to which no response is required; such allegations are neither admitted nor denied.

60. The allegations contained in paragraph 60 of the TAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

61. The allegations contained in paragraph 61 of the TAC do not relate to City

1 Defendants or any claims made against them, and accordingly no response is required; they neither

2 admit nor deny such allegations.

3    62.    The allegations contained in paragraph 62 of the TAC do not relate to City

4 Defendants or any claims made against them, and accordingly no response is required; they neither

5 admit nor deny such allegations.

6    63.    The allegations contained in paragraph 63 of the TAC do not relate to City

7 Defendants or any claims made against them, and accordingly no response is required; they neither

8 admit nor deny such allegations.

9    64.    The allegations contained in paragraph 64 of the TAC do not relate to City

10 Defendants or any claims made against them, and accordingly no response is required; they neither

11 admit nor deny such allegations.

12    65.    The allegations contained in paragraph 65 of the TAC do not relate to City

13 Defendants or any claims made against them, and accordingly no response is required; they neither

14 admit nor deny such allegations.

15    66.    The allegations contained in paragraph 66 of the TAC do not relate to City

16 Defendants or any claims made against them, and accordingly no response is required; they neither

17 admit nor deny such allegations.

18    67.    City Defendants deny the allegations contained in paragraph 67 of the TAC.

19    68.    City Defendants deny the allegations contained in paragraph 68 of the TAC.

20    69.    City Defendants deny the allegations contained in paragraph 69 of the TAC.

21    70.    City Defendants deny the allegations contained in paragraph 70 of the TAC.

22    71.    City Defendants deny the allegations contained in paragraph 71 of the TAC.

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983) – Survival Claim**

**AGAINST DEFENDANTS LEEF, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM, PAGE, DE LOS SANTOS, CAUDILLO, AND REMAINING DOES**

27    72.    By this reference, Defendant Officer Leef re-alleges and incorporates all of his

28 responses to each and every paragraph contained in the TAC as though fully set forth herein. As

9

DEFENDANTS', CITY OF WILLITS AND WILLITS POLICE OFFICER KEVIN LEEF, ANSWER TO
THIRD AMENDED COMPLAINT                                                          1:15-CV-03226-RS

none of the allegations contained in paragraphs 72 through 78 relate to Defendant the City of Willits or claims made against it, it is not required to respond to such allegations, and thus neither admits nor denies them.

73. The allegations contained in paragraph 73 of the TAC consist of plaintiff's characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

74. Defendant Officer Leef denies the allegations contained in paragraph 74 of the TAC.

75. Defendant Officer Leef denies the allegations contained in paragraph 75 of the TAC.

76. Defendant Officer Leef denies the allegations contained in paragraph 76 of the TAC.

77. Defendant Officer Leef denies the allegations contained in paragraph 77 of the TAC.

78. Defendant Officer Leef denies the allegations contained in paragraph 78 of the TAC.

## SECOND CAUSE OF ACTION

(*Monell* – 42 U.S.C. § 1983) Survival Claim

**AGAINST DEFENDANTS COUNTY AND CFMG**

79. – 86. The allegations contained in paragraphs 79 through 86 of the TAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

## THIRD CAUSE OF ACTION

(Supervisory Liability – 42 U.S.C. § 1983) – Survival Claim

**AGAINST DEFENDANTS ALLMAN, PEARCE, FITHIAN, AND REMAINING DOES**

87. – 95. The allegations contained in paragraphs 87 through 95 of the TAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

DEFENDANTS', CITY OF WILLITS AND WILLITS POLICE OFFICER KEVIN LEEF, ANSWER TO THIRD AMENDED COMPLAINT                                                                  1:15-CV-03226-RS

## FOURTH CAUSE OF ACTION

### (Violation of Civil Code § 52.1) – Survival Claim

**AGAINST DEFENDANTS LEEF, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM, PAGE, DE LOS SANTOS, CAUDILLO, AND REMAINING DOES, ALLMAN, PEARCE, FITHIAN, AND CFMG**

96. By this reference, Defendant Officer Leef re-alleges and incorporates all of his responses to each and every paragraph contained in the TAC as though fully set forth herein. As none of the allegations contained in paragraphs 96 through 100 relate to Defendant the City of Willits or claims made against it, it is not required to respond to such allegations, and thus neither admits nor denies them.

97. The allegations contained in paragraph 97 of the TAC consist of plaintiff's characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

98. Defendant Officer Leef denies the allegations contained in paragraph 98 of the TAC.

99. Defendant Officer Leef denies the allegations contained in paragraph 99 of the TAC.

100. Defendant Officer Leef denies the allegations contained in paragraph 100 of the TAC.

## FIFTH CAUSE OF ACTION

### (Negligence) – Survival and Wrongful Death Claims

**AGAINST DEFENDANTS LEEF, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM, PAGE, DE LOS SANTOS, AND REMAINING DOES**

101. By this reference, Defendant Officer Leef re-alleges and incorporates all of his responses to each and every paragraph contained in the TAC as though fully set forth herein. As none of the allegations contained in paragraphs 101 through 107 relate to Defendant the City of Willits or claims made against it, it is not required to respond to such allegations, and thus neither

1  admits nor denies them101

2        102.    The allegations contained in paragraph 102 of the TAC consist of plaintiff's
3  characterization of his claims and their underlying legal bases, and thus no responses to such
4  allegations are required; such allegations are neither admitted nor denied.

5        103.    Defendant Officer Leef denies the allegations contained in paragraph 103 of the
6  TAC.

7        104.    Defendant Officer Leef denies the allegations contained in paragraph 104 of the
8  TAC.

9        105.    Defendant Officer Leef denies the allegations contained in paragraph 105 of the
10 TAC.

11       106.    Defendant Officer Leef denies the allegations contained in paragraph 106 of the
12 TAC.

13       107.    Defendant Officer Leef denies the allegations contained in paragraph 107 of the
14 TAC.

## SIXTH CAUSE OF ACTION

**(Assault and Battery) – Survival and Wrongful Death Claims**

**<u>AGAINST DEFENDANTS LEEF, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM, PAGE, DE LOS SANTOS, AND REMAINING DOES</u>**

19       108.    By this reference, Defendant Officer Leef re-alleges and incorporates all of his
20 responses to each and every paragraph contained in the TAC as though fully set forth herein. As
21 none of the allegations contained in paragraphs 108 through 112 relate to Defendant the City of
22 Willits or claims made against it, it is not required to respond to such allegations, and thus neither
23 admits nor denies them108

24       109.    The allegations contained in paragraph 109 of the TAC consist of plaintiff's
25 characterization of his claims and their underlying legal bases, and thus no responses to such
26 allegations are required; such allegations are neither admitted nor denied.

27       110.    Defendant Officer Leef denies the allegations contained in paragraph 110 of the
28 TAC.

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

1    111.   Defendant Officer Leef denies the allegations contained in paragraph 111 of the TAC.

2    112.   Defendant Officer Leef denies the allegations contained in paragraph 112 of the TAC.

### SEVENTH CAUSE OF ACTION

**(Violation of California Government Code § 845.6) – Survival and Wrongful Death Claims**

**AGAINST DEFENDANTS LEEF, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM, PAGE, DE LOS SANTOS, AND REMAINING DOES, AND COUNTY**

113.   By this reference, Defendant Officer Leef re-alleges and incorporates all of his responses to each and every paragraph contained in the TAC as though fully set forth herein. As none of the allegations contained in paragraphs 113 through 117 relate to Defendant the City of Willits or claims made against it, it is not required to respond to such allegations, and thus neither admits nor denies them.

114.   The allegations contained in paragraph 114 of the TAC consist of plaintiff's characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

115.   Defendant Officer Leef denies the allegations contained in paragraph 115 of the TAC.

116.   Defendant Officer Leef denies the allegations contained in paragraph 116 of the TAC.

117.   Defendant Officer Leef denies the allegations contained in paragraph 117 of the TAC.

### EIGHTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress) – Survival Claim**

**AGAINST DEFENDANTS LEEF AND CITY OF WILLITS**

118.   By this reference, Defendant Officer Leef re-alleges and incorporates all of his responses to each and every paragraph contained in the TAC as though fully set forth herein.

119.   The allegations contained in paragraph 119 of the TAC consist of plaintiff's

characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

120. City Defendants deny the allegations contained in paragraph 120 of the TAC.

121. City Defendants deny the allegations contained in paragraph 121 of the TAC.

122. City Defendants deny the allegations contained in paragraph 122 of the TAC.

123. City Defendants deny the allegations contained in paragraph 123 of the TAC.

## RELIEF REQUESTED

City Defendants deny the allegations underlying plaintiff's requests for relief contained in the TAC.

## CITY DEFENDANTS AFFIRMATIVE DEFENSES

As separate, distinct and independent affirmative defenses to the TAC on file herein, City Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's TAC fails to state facts sufficient to constitute a cause of action against City Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Standing)

Plaintiff lacks standing to bring all or a portion of the claims alleged herein.

### THIRD AFFIRMATIVE DEFENSE
(Qualified Immunity)

Defendant Officer Leef is entitled to qualified immunity from plaintiff's claims brought under 42 U.S.C. § 1983.

### FOURTH AFFIRMATIVE DEFENSE
(Absolute Sovereign Immunity)

Defendant City of Willits is entitled to absolute sovereign immunity under the Eleventh Amendment to the United States Constitution from all or a portion of plaintiff's claims herein.

### FIFTH AFFIRMATIVE DEFENSE

(Not a policymaker under 42 U.S.C. § 1983)

City Defendants are not liable for claims brought under 42 U.S.C. § 1983 to the extent that they were not a policymaker with respect to the alleged conduct at issue.

### SIXTH AFFIRMATIVE DEFENSE

(Estoppel, Laches, and Waiver)

Plaintiff's claims in the TAC are barred by the doctrines of estoppel, laches, and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands and Unlawful Conduct)

Plaintiff's claims in the TAC are barred by the doctrine of unclean hands and/or the decedent's unlawful conduct.

### EIGHTH AFFIRMATIVE DEFENSE

(Good Faith)

At all times referred to in the TAC, City Defendants acted reasonably and in good faith within the meaning of state and federal law.

### NINTH AFFIRMATIVE DEFENSE

(Legality and Privilege)

City Defendants' actions as alleged in the TAC, including their treatment of the decedent while he was in custody of the Mendocino County Sheriff's Office and City Defendants' actions in adopting and enforcing policies and practices related thereto, were legally justified and privileged.

### TENTH AFFIRMATIVE DEFENSE

(Third Party Liability)

The damages claimed in the TAC were caused solely by the acts or omissions of other parties, persons, or entities, for whom City Defendants are not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

(Contributory Liability/Comparative Fault)

The damages alleged by plaintiff in the TAC, if any, were proximately caused by the negligence, acts, or omissions of other persons or entities, and City Defendants request that an allocation of such negligence, acts, or omissions be made among such other persons or entities.

Further, if any liability is found on the part of City Defendants, judgment against City Defendants should be only in an amount which is proportionate to the extent and percentage by which City Defendants' acts or omissions contributed to plaintiff's injuries or damages, if at all, pursuant to the doctrines of contributory liability, comparative fault, and/or provisions of California Civil Code § 1431.2.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff's claims for relief in the TAC are barred based on the plaintiff's and/or decedent's failure to mitigate their alleged damages, in whole or in part.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Government Code Statutory Immunities and Limitation of Liability)

Plaintiff's state law claims against City Defendants are barred by the statutory immunities and limitations of liability provided under state law, including but not limited to those contained in California Government Code §§ 815, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, 822.2, 844.6, 845.2, 845.6, and/or 855.8.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Civil Code Statutory Immunities and Limitations of Liability)

Plaintiff's state law claims against City Defendants are barred by the statutory immunities and limitations of liability provided under state law, including but not limited to those contained in California Civil Code §§ 1714.2 and 1714.21

### FIFTHEENTH AFFIRMATIVE DEFENSE

(Unstated Affirmative Defenses)

City Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. City Defendants reserve the right to assert additional defenses in the event that discovery indicates that doing so would be appropriate.

### REQUEST FOR JURY TRIAL

City Defendants hereby demand a trial by jury in this matter.

WHEREFORE, Defendants the City of Willits and Willits Police Officer Kevin Leef pray that:

1. Plaintiff take nothing by reason of his Third Amended Complaint for Damages;
2. Defendants be awarded their costs of suit incurred herein;
3. Defendants be awarded their attorneys' fess incurred herein based on the ground that the action or proceedings here were brought without a good faith belief that the facts or applicable law supported recovery and/or pursuant to 42 U.S.C. § 1988, FRCP Rule 11, California Code of Civil Procedure § 1021.7, or other applicable law; and
4. Defendants be granted such further relief as the Court deems proper.

Respectfully Submitted,

DATED: July 7, 2016

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

__/s/ Scott A. Lewis_
DAVID F. BEACH
SCOTT A. LEWIS
Attorneys for Defendants
CITY OF WILLITS and
WILLITS POLICE OFFICER KEVIN LEEF