1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JAMES NEUROTH,<br><br>            Plaintiffs,<br><br>     v.<br><br>MENDOCINO COUNTY, et al.,<br><br>            Defendants. | Case No.  15-cv-03226-RS   (NJV)<br><br>**ORDER ON DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 143, 144 |

On March 1, 2017, the Court heard three discovery disputes in the above-referenced case submitted for consideration via joint letter briefs as Docket Numbers 143 and 144.  The hearing was held in the Court's Eureka Courthouse, and counsel for all parties appeared at the hearing by telephone, including: Michael Haddad of Haddad & Sherwin LLP, representing Plaintiff James Neuroth ("Plaintiff"); Anne Keck of Keck Law Offices, representing Defendants Mendocino County Sheriff's Office Sergeant Lorrie Knapp, Correctional Deputy Michael Grant, and former Correctional Deputies Craig Bernardi, Christine De Los Santos, Jeanette Holum, Frank Masterson, and Robert Page (collectively, the "Correctional Deputy Defendants"); Jerome Varanini of the Law Offices of Jerome M. Varanini, representing Defendants California Forensic Medical Group, Inc., and Dr. Taylor Fithian (collectively, the "CFMG Defendants"); and Scott Lewis of Perry, Johnson, Anderson, Miller & Moskowitz, LLP, representing Defendants the City of Willits and Willits Police Officer Kevin Leef (collectively, the "Willits Defendants").

The three discovery matters which were heard, considered, and resolved by the Court at the hearing include the following:

//

1.   Plaintiff's request for Defendant Willits Police Officer Leef's un-redacted pre-hiring questionnaires contained in Defendant City of Willits' police department personnel file (joint letter brief filed as Docket No. 143);

2.   Plaintiff's motion to compel production of the personal financial information of seven Correctional Deputy Defendants for purposes of punitive damages (joint letter brief filed as Docket No. 144); and

3.   Plaintiff's motion to compel production from Defendants CFMG and Fithian of Documents sought in Plaintiff's Third Request for Production of Documents, due to Defendants' failure to serve a timely response or any objections (attached as Exhibit B to the joint letter brief filed as Docket No. 144).

Pursuant to this Court's review of the above-referenced joint letter briefs and their attached exhibits, consideration of other papers in the Court's files, consideration of the oral arguments of counsel made at the hearing, and with good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

**A.     Officer Leef's Pre-Hiring Questionnaire [Dkt. No. 143]:**  Plaintiff's request for production of Willits Police Officer Leef's un-redacted pre-hiring questionnaires contained in Defendant City of Willits' police department personnel file, as discussed in the joint letter brief filed as Docket No. 143, is hereby GRANTED.  The Court finds that, pursuant to Federal Rule of Evidence 401, the subject pre-hiring questionnaires are relevant to the *Monell* and supervisory liability claims alleged by Plaintiff in this case.  The pre-hiring questionnaires shall be produced in full and maintained as "confidential" under the terms of the Protective Order (Dkt. No. 42).

**B.     Punitive Damages Discovery from Correctional Deputy Defendants [Dkt. No. 144]:**  Plaintiff's motion to compel production of the seven Correctional Deputy Defendants' personal financial records for the purpose of punitive damages prior to resolution of their qualified immunity defenses is hereby DENIED based on the following.

The Court finds that the Correctional Deputy Defendants have the right to raise the defense of qualified immunity at the summary judgment stage, and that the benefits of such immunity would largely be lost if they were required *at this time* to provide the type of personal financial information Plaintiff seeks for the purpose of proving punitive damages at trial.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery.").

Accordingly, the Court denies Plaintiff's motion to compel production of the Correctional

United States District Court
Northern District of California

2

Deputy Defendants' personal financial records until such time as the District Judge has resolved their motions for summary judgment on the issue of qualified immunity.

      **C.**      **Plaintiff's Third Request for Production to CFMG Defendants [Dkt. No. 144, Exhibit B]:**  Plaintiff's motion to compel production from Defendants CFMG and Fithian of documents sought in Plaintiff's Third Request for Production of Documents is GRANTED in part and DENIED in part as follows:

      Defendants CFMG and Fithian are to review RFP Set Three and Set Two and provide responses no later than 5 pm Monday, March 6, 2017.  The court does not find that Defendants CFMG and Fithian have waived all objections to the requests.

      *This Order supersedes any rulings at the hearing.*

      **IT IS SO ORDERED**.

Dated: March 7, 2017

_____

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California