DAVID F. BEACH, ESQ. (SBN 127135)
SCOTT A. LEWIS, ESQ. (SNB 277181)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, Fourth Floor
Santa Rosa, CA 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242

Attorney for Defendants
CITY OF WILLITS, a public entity;
WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE,
and WILLITS POLICE CHIEF GERARDO GONZALEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEUROTH, Individually and as Successor in Interest of Decedent STEVEN KELLOGG NEUROTH,<br><br>          Plaintiff(s),<br><br>      vs.<br><br>MENDOCINO COUNTY, a public entity; MENDOCINO COUNTY SHERIFF-CORONER THOMAS D. ALLMAN, individually; CORRECTIONS CAPTAIN TIM PEARCE; SERGEANT LORI KNAPP; DEPUTY FRANK MASTERSON; DEPUTY CRAIG BERNARDI; DEPUTY MICHAEL GRANT; DEPUTY JEANETTE HOLUM; DEPUTY ROBERT PAGE; DEPUTY CHRISTINE DE LOS SANTOS; CITY OF WILLITS, a public entity; WILLITS POLICE CHIEF GERARDO GONZALEZ; WILLITS POLICE OFFICER KEVIN LEEF; WILLITS POLICE OFFICER JEFF ANDRADE; CORRECTIONAL MEDICAL GROUP COMPANIES, INC., a Delaware Corporation; CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a California corporation; TAYLOR FITHIAN, M.D.; BARBARA COTTON, R.N.; ELAINE HUSTEDT; YVONNE MAXFIELD, R.N.; CLAIRE TESKE, R.N.; JENNIFER L. CAUDILLO, L.V.N., and COUNTY DEPUTIES DOES 9–20, and DOES 23–35, individually, jointly, and severally,<br><br>          Defendant(s). | CASE No. 3:15-CV-03226-RS<br><br>**DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, AND WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT** |

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF
ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT
1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ, LLP

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

Defendants City of Willits, Willits Police Officer Kevin Leef, Willits Police Officer Jeff Andrade, and Willits Police Chief Gerardo Gonzalez (hereinafter collectively, "City Defendants") hereby submits their Answer to the Fourth Amended Complaint for Damages (the "FAC") filed in this action on April 21, 2017 (Dkt. No. 164), and allege as follows.

**JURISDICTION**

1.      The allegations in the first sentence of paragraph 1 of the FAC consists of characterizations of Plaintiff's claims and therefore do not require a responses; such allegations are neither admitted nor denied. City Defendants admit the allegations contained in the second two sentences of paragraph 1 of the FAC. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the remaining allegations contained in paragraph 1 to respond, and therefore deny such remaining allegations.

**INTRADISTRICT ASSIGNMENT**

2.      City Defendants admit the allegations contained in paragraph 2 of the FAC.

**PARTIES AND PROCEDURE**

3.      With respect to the allegations in paragraph 3 of the FAC, City Defendants are informed and believe that Plaintiff James Neuroth ("plaintiff") is the brother of decedent Steven Neuroth ("decedent"), and a resident of the State of California. City Defendants acknowledge that plaintiff brings certain claims individually and as a successor in interest for the decedent pursuant to California Code of Civil Procedure §§ 377.10 *et seq.* City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the remaining allegations contained in paragraph 3 to respond, and therefore deny such remaining allegations.

4.      The allegations in paragraph 4 of the FAC consist of characterizations of plaintiff's claims and therefore do not require a response; such allegations are neither admitted nor denied. To the extent a response is required, City Defendants admit that plaintiff seeks the identified relief but deny that plaintiff is entitled to any relief herein.

5.      City Defendants lack sufficient knowledge, information, or belief as to the

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT
1:15-CV-03226-RS

1 truthfulness of the allegations contained in paragraphs 5 of the FAC to respond, and therefore deny

2 such allegations.

3      6.    City Defendants lack sufficient knowledge, information, or belief as to the

4 truthfulness of the allegations contained in paragraphs 6 of the FAC to respond, and therefore deny

5 such allegations.

6      7.    City Defendants lack sufficient knowledge, information, or belief as to the

7 truthfulness of the allegations contained in paragraphs 7 of the FAC to respond, and therefore deny

8 such allegations.

9      8.    City Defendants lack sufficient knowledge, information, or belief as to the

10 truthfulness of the allegations contained in paragraphs 8 of the FAC to respond, and therefore deny

11 such allegations.

12      9.    City Defendants lack sufficient knowledge, information, or belief as to the

13 truthfulness of the allegations contained in paragraphs 9 of the FAC to respond, and therefore deny

14 such allegations.

15      10.    City Defendants lack sufficient knowledge, information, or belief as to the

16 truthfulness of the allegations contained in paragraphs 10 of the FAC to respond, and therefore

17 deny such allegations.

18      11.    City Defendants lack sufficient knowledge, information, or belief as to the

19 truthfulness of the allegations contained in paragraphs 11 of the FAC to respond, and therefore

20 deny such allegations.

21      12.    City Defendants lack sufficient knowledge, information, or belief as to the

22 truthfulness of the allegations contained in paragraphs 12 of the FAC to respond, and therefore

23 deny such allegations.

24      13.    City Defendants lack sufficient knowledge, information, or belief as to the

25 truthfulness of the allegations contained in paragraphs 13 of the FAC to respond, and therefore

26 deny such allegations.

27

28

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

3

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

14. City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraphs 14 of the FAC to respond, and therefore deny such allegations.

15. With respect to the allegations in paragraph 15 of the FAC, City Defendants admit that the City of Willits is a public entity which is a political subdivision of the State of California. City Defendants also admit that the Willits Police Department is an administrative subdivision of the City of Willits. City Defendants deny all remaining allegations contained in paragraph 15 of the FAC.

16. With respect to paragraph 16 of the FAC, City defendants admit that, at all times mentioned in the FAC, Defendant Police Chief Gerardo Gonzalez ("Gonzalez") was employed by the City of Willits as Chief of Police, and thus was a public employee for the City. City Defendants further admit that, with respect to the allegations contained in the FAC, Gonzalez was at all times acting within the course and scope of his employment. City Defendants further acknowledge that Gonzalez has been sued individually in this case. City Defendants deny all remaining allegations contained in paragraph 16 of the FAC.

17. With respect to paragraph 17 of the FAC, City defendants admit that, at all times mentioned in the FAC, Defendant Willits Police Officer Jeff Andrade ("Andrade") was employed by the City of Willits as a police officer, and thus was a public employee for the City. City Defendants further admit that, with respect to the allegations contained in the FAC, Andrade was at all times acting within the course and scope of his employment. City Defendants further acknowledge that Andrade has been sued individually in this case. City Defendants deny all remaining allegations contained in paragraph 17 of the FAC.

18. With respect to paragraph 18 of the FAC, City defendants admit that, at all times mentioned in the FAC, Defendant Willits Police Officer Kevin Leef ("Leef") was employed by the City of Willits as a police officer, and thus was a public employee for the City. City Defendants further admit that, with respect to the allegations contained in the FAC, Leef was at all times acting

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

1  within the course and scope of his employment. City Defendants further acknowledge that Leef has

2  been sued individually in this case. City Defendants deny all remaining allegations contained in

3  paragraph 18 of the FAC.

4        19.    City Defendants lack sufficient knowledge, information, or belief as to the

5  truthfulness of the allegations contained in paragraph 19 of the FAC to respond, and therefore deny

6  such allegations.

7        20.    City Defendants lack sufficient knowledge, information, or belief as to the

8  truthfulness of the allegations contained in paragraph 20 of the FAC to respond, and therefore deny

9  such allegations.

10        21.    City Defendants lack sufficient knowledge, information, or belief as to the

11  truthfulness of the allegations contained in paragraph 21 of the FAC to respond, and therefore deny

12  such allegations.

13        22.    City Defendants lack sufficient knowledge, information, or belief as to the

14  truthfulness of the allegations contained in paragraph 22 of the FAC to respond, due to their lack of

15  specificity, and therefore deny such allegations.

16        23.    City Defendants lack sufficient knowledge, information, or belief as to the

17  truthfulness of the allegations contained in paragraph 23 of the FAC to respond, and therefore deny

18  such allegations.

19        24.    City Defendants lack sufficient knowledge, information, or belief as to the

20  truthfulness of the allegations contained in paragraph 24 of the FAC to respond, and therefore deny

21  such allegations.

22        25.    City Defendants lack sufficient knowledge, information, or belief as to the

23  truthfulness of the allegations contained in paragraph 25 of the FAC to respond, and therefore deny

24  such allegations.

25        26.    City Defendants lack sufficient knowledge, information, or belief as to the

26  truthfulness of the allegations contained in paragraph 26 of the FAC to respond, and therefore deny

27

28

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

5

1    such allegations.

2         27.    City Defendants lack sufficient knowledge, information, or belief as to the

3    truthfulness of the allegations contained in paragraph 27 of the FAC to respond, and therefore deny

4    such allegations.

5         28.    City Defendants lack sufficient knowledge, information, or belief as to the

6    truthfulness of the allegations contained in paragraph 28 of the FAC to respond, and therefore deny

7    such allegations.

8         29.    City Defendants lack sufficient knowledge, information, or belief as to the

9    truthfulness of the allegations contained in paragraph 29 of the FAC to respond, and therefore deny

10   such allegations.

11        30.    City Defendants lack sufficient knowledge, information, or belief as to the

12   truthfulness of the allegations contained in paragraph 30 of the FAC to respond, and therefore deny

13   such allegations.

14        31.    City Defendants lack sufficient knowledge, information, or belief as to the

15   truthfulness of the allegations contained in paragraph 31 of the FAC to respond, and therefore deny

16   such allegations.

17        32.    City Defendants lack sufficient knowledge, information, or belief as to the

18   truthfulness of the allegations contained in paragraph 32 of the FAC to respond, and therefore deny

19   such allegations.

20        33.    City Defendants lack sufficient knowledge, information, or belief as to the

21   truthfulness of the allegations contained in paragraph 33 of the FAC to respond, and therefore deny

22   such allegations.

23        34.    City Defendants lack sufficient knowledge, information, or belief as to the

24   truthfulness of the allegations contained in paragraph 34 of the FAC to respond, and therefore deny

25   such allegations.

26        35.    City Defendants lack sufficient knowledge, information, or belief as to the

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF
ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT
1:15-CV-03226-RS

truthfulness of the allegations contained in paragraph 35 of the FAC to respond, and therefore deny such allegations.

36.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 36 of the FAC to respond, and therefore deny such allegations.

37.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 37 of the FAC to respond, and therefore deny such allegations.

38.     City Defendants lack sufficient knowledge that the plaintiff timely submitted a tort claim to the City. City Defendants deny all remaining allegations contained in paragraph 38 of the FAC.

39.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 39 of the FAC to respond, due to their lack of specificity, and therefore deny such allegations.

**GENERAL ALLEGATIONS**

40.     By this reference, City Defendants re-allege and incorporate all of their responses to each and every paragraph contained in the FAC as though fully set forth herein.

41.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in the first sentence of paragraph 41 of the FAC to respond, and therefore deny such allegations. Based on information and belief, City Defendants admit the allegations contained in the second sentence of paragraph 41, except the allegations relating to the decedent's alleged height, which are denied.

42.     With respect to the allegations contained in paragraph 42 of the FAC, City Defendants admit that the identified officers with the Willits Police Department contacted the decedent in public on June 10, 2014, at approximately 10:00 pm, that Officers Andrade and Leef were the only two patrol officers on duty for the City of Willits, and that the officers were equipped

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

with audio recorders. City Defendants deny all remaining allegations in paragraph 42 of the FAC.

43.    With respect to the allegations contained in paragraph 43 of the FAC, City Defendants admit that the identified officers with the Willits Police Department contacted the decedent in public on June 10, 2014, at approximately 10:00 pm; that a Willits Police Department report states the decedent told officers that he believed an unknown person was after him, and that the traffic in Willits was going to hurt him. City Defendants deny all remaining allegations in paragraph 43 of the FAC.

44.    City Defendants deny the allegations contained in paragraph 44 of the FAC.

45.    City Defendants deny the allegations contained in paragraph 45 of the FAC.

46.    With respect to paragraph 46 of the FAC, City Defendants admit that the decedent was "extremely paranoid," "believed someone was out to 'kill him,'" and "was going through a psychosis state;" and that the decedent told Officers Leef and Andrade that there were "snakes" on the patrol car's floor, and "started to scream." City Defendants deny all remaining allegations in paragraph 46 of the FAC.

47.    City Defendants deny the allegations contained in paragraph 47 of the FAC.

48.    With respect to paragraph 48 of the FAC, City Defendants admit that Officer Leef transported the decedent to the Mendocino County Jail, and that at the time of booking at the jail, the decedent did not have any apparent physical injuries. City Defendants deny all remaining allegations in paragraph 48 of the FAC.

49.    City Defendants deny the allegations contained in paragraph 49 of the FAC.

50.    City Defendants deny the allegations contained in paragraph 50 of the FAC.

51.    With respect to the allegations in paragraph 51 of the FAC, and based on their information and belief, City Defendants admit the first two sentences regarding Willits Police Department Policy 418. City Defendants deny all remaining allegations in paragraph 51 of the FAC.

52.    City Defendants admit the allegations contained in paragraph 52 of the FAC.

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF
ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT
1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

53.     With respect to the allegations contained in the first sentence of paragraph 53, City Defendants admit that Defendant Jennifer Caudillo took the decedent's vital signs while he was being booked into the Mendocino County jail at approximately 11:40 p.m. on June 10, 2014, and that a report states that the decedent's heart rate was 129 beats per minute, his blood pressure was 151/92, and his respiration rate was 18 breaths per minute. City Defendants deny all remaining allegations contained in paragraph 53 of the TAC.

54.     The allegations contained in paragraph 54 of the FAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

55.     The allegations contained in paragraph 55 of the FAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

56.     The allegations contained in paragraph 56 of the FAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

57.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 57 of the TAC to respond, and therefore deny such allegations.

58.     City Defendants deny the allegations contained in paragraph 58 of the FAC.

59.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 59 of the TAC to respond, and therefore deny such allegations.

60.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 60 of the TAC to respond, and therefore deny such allegations.

61.     City Defendants lack sufficient knowledge, information, or belief as to the

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

truthfulness of the allegations contained in paragraph 61 of the FAC to respond, and therefore deny such allegations.

62.     City Defendants deny the allegations contained in paragraph 62 of the FAC.

63.     City Defendants deny the allegations contained in paragraph 63 of the FAC.

64.     City Defendants deny the allegations contained in paragraph 64 of the FAC.

65.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 65 of the FAC to respond, and therefore deny such allegations.

66.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 61 of the FAC to respond, and therefore deny such allegations.

67.     City Defendants deny the allegations contained in paragraph 67 of the FAC.

68.     City Defendants deny the allegations contained in paragraph 68 of the FAC.

69.     City Defendants deny the allegations contained in paragraph 69 of the FAC.

70.     City Defendants deny the allegations contained in paragraph 70 of the FAC.

71.     City Defendants deny the allegations contained in paragraph 71 of the FAC.

72.     City Defendants deny the allegations contained in paragraph 72 of the FAC.

73.     With respect to paragraph 73 of the FAC, City Defendants admit that the decedent was transferred to Ukiah Valley Medical Center and died at about 12:46 a.m. on June 11, 2014. City Defendants deny all other allegations contained in paragraph 73 of the FAC.

74.     With respect to the second sentence paragraph 74 of the FAC, City Defendants admit the "code of silence" rule explained by the Ninth Circuit. City Defendants deny all other allegations contained in paragraph 74 of the FAC.

75.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 75 of the FAC to respond, and therefore deny such allegations.

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

1   76.   City Defendants deny the allegations contained in paragraph 76 of the FAC.

2   77.   The allegations contained in paragraph 77 of the FAC do not relate to City

3   Defendants or any claims made against them, and accordingly no response is required; they neither

4   admit nor deny such allegations.

5   78.   The allegations contained in paragraph 78 of the FAC do not relate to City

6   Defendants or any claims made against them, and accordingly no response is required; they neither

7   admit nor deny such allegations.

8   79.   The allegations contained in paragraph 79 of the FAC do not relate to City

9   Defendants or any claims made against them, and accordingly no response is required; they neither

10   admit nor deny such allegations.

11   80.   The allegations contained in paragraph 80 of the FAC do not relate to City

12   Defendants or any claims made against them, and accordingly no response is required; they neither

13   admit nor deny such allegations.

14   81.   The allegations contained in paragraph 81 of the FAC do not relate to City

15   Defendants or any claims made against them, and accordingly no response is required; they neither

16   admit nor deny such allegations.

17   82.   The allegations contained in paragraph 82 of the FAC do not relate to City

18   Defendants or any claims made against them, and accordingly no response is required; they neither

19   admit nor deny such allegations.

20   83.   The allegations contained in paragraph 83 of the FAC consist solely of an alleged

21   statement of law, to which no response is required; such allegations are neither admitted nor

22   denied.

23   84.   The allegations contained in paragraph 84 of the FAC consist solely of an alleged

24   statement of law, to which no response is required; such allegations are neither admitted nor

25   denied.

26   85.   The allegations contained in paragraph 85 of the FAC consist solely of an alleged

27

28

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF
ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT
1:15-CV-03226-RS

statement of law, to which no response is required; such allegations are neither admitted nor denied.

86.     The allegations contained in paragraph 86 of the FAC consist solely of an alleged statement of legal standards, to which no response is required; such allegations are neither admitted nor denied.

87.     The allegations contained in paragraph 87 of the FAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

88.     The allegations contained in paragraph 88 of the FAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

89.     The allegations contained in paragraph 89 of the FAC do not relate to City Defendants or any claims made against them, and accordingly no response is required; they neither admit nor deny such allegations.

90.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 90 of the FAC to respond, and therefore deny such allegations.

91.     City Defendants deny the allegations contained in paragraph 91 of the FAC.

92.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 92 of the FAC to respond, and therefore deny such allegations.

93.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 93 of the FAC to respond, and therefore deny such allegations.

94.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 94 of the FAC to respond, and therefore deny

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

such allegations.

95.     City Defendants deny all allegations contained in paragraph 95 of the FAC.

96.     City Defendants deny all allegations contained in paragraph 96 of the FAC.

97.     City Defendants deny all allegations contained in paragraph 97 of the FAC.

98.     City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 98 of the FAC to respond, and therefore deny such allegations.

99.     City Defendants deny all allegations contained in paragraph 99 of the FAC.

100.    City Defendants lack sufficient knowledge, information, or belief as to the truthfulness of the allegations contained in paragraph 100 of the FAC to respond, and therefore deny such allegations.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983) – Survival Claim

### AGAINST DEFENDANTS LEEF, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM, PAGE, DE LOS SANTOS, CAUDILLO, AND REMAINING DOES

101.    By this reference, Defendants Leef and Andrade re-allege and incorporate all of their responses to each and every paragraph contained in the FAC as though fully set forth herein. As none of the allegations contained in paragraphs 101 through 108 relate to Defendant the City of Willits or claims made against it, it is not required to respond to such allegations, and thus neither admits nor denies them.

102.    The allegations contained in paragraph 102 of the FAC consist of plaintiff's characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

103.    Defendants Leef and Andrade deny the allegations contained in paragraph 103 of the FAC.

104.    Defendants Leef and Andrade deny the allegations contained in paragraph 104 of

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

1    the FAC.

2        105.    Defendants Leef and Andrade deny the allegations contained in paragraph 105 of

3    the FAC.

4        106.    Defendants Leef and Andrade deny the allegations contained in paragraph 106 of

5    the FAC.

6        107.    Defendants Leef and Andrade deny the allegations contained in paragraph 107 of

7    the FAC.

8        108.    Defendants Leef and Andrade deny the allegations contained in paragraph 108 of

9    the FAC.

10                              **SECOND CAUSE OF ACTION**

11                  (*Monell* – **42 U.S.C. § 1983) Survival Claim**

12            **AGAINST DEFENDANTS COUNTY, CITY, CMGC, AND CFMG**

13        109.  By this reference, City Defendants  re-allege and incorporate all of their responses

14    to each and every paragraph contained in the FAC as though fully set forth herein.

15        110. The allegations contained in paragraph 110 of the TAC consist of plaintiff's

16    characterization of his claims and their underlying legal bases, and thus no responses to such

17    allegations are required; such allegations are neither admitted nor denied.

18        111. City Defendants deny the allegations contained in paragraph 111 of the FAC.

19        112. City Defendants deny the allegations contained in paragraph 112 of the FAC.

20        113. City Defendants deny the allegations contained in paragraph 113 of the FAC.

21        114. The allegations contained in paragraph 114 of the FAC do not relate to City

22    Defendants or any claims made against them, and accordingly no response is required; they neither

23    admit nor deny such allegations.

24        115.  City Defendants deny the allegations contained in paragraph 115 of the FAC.

25        116.  City Defendants deny the allegations contained in paragraph 116 of the FAC.

26        117.  City Defendants deny the allegations contained in paragraph 117 of the FAC.

27                                        14

28

1    118. City Defendants deny the allegations contained in paragraph 118 of the FAC.

2                              **THIRD CAUSE OF ACTION**

3            **(Supervisory Liability – 42 U.S.C. § 1983) – Survival Claim**

4    **AGAINST DEFENDANTS GONZALEZ, ALLMAN, PEARCE, FITHIAN, HUSTEDT,**

5                **MAXFIELDD, TESKE, AND REMAINING DOES**

6    119. By this reference, City Defendants re-allege and incorporate all of their responses

7    to each and every paragraph contained in the FAC as though fully set forth herein.

8    120. The allegations contained in paragraph 129 of the FAC consist of plaintiff's

9    characterization of his claims and their underlying legal bases, and thus no responses to such

10   allegations are required; such allegations are neither admitted nor denied.

11   121. Defendant Gonzalez denies the allegations contained in paragraph 121 of the FAC.

12   122. Defendant Gonzalez denies the allegations contained in paragraph 122 of the FAC.

13   123. Defendants Gonzalez and City of Willits deny the allegations contained in

14   paragraph 123 of the FAC.

15   124. City Defendants deny the allegations contained in paragraph 124 of the FAC.

16   125. City Defendants deny the allegations contained in paragraph 125 of the FAC.

17   126. City Defendants deny the allegations contained in paragraph 126 of the FAC.

18   127. City Defendants deny the allegations contained in paragraph 127 of the FAC.

19                              **FOURTH CAUSE OF ACTION**

20            **(Violation of Civil Code § 52.1) – Survival Claim**

21   **AGAINST DEFENDANTS LEEF, ANDRADE, KNAPP, MASTERSON, BERNARDI,**

22   **GRANT, HOLUM, PAGE, DE LOS SANTOS, CAUDILLO, AND REMAINING DOES,**

23   **ALLMAN, PEARCE, FITHIAN, HUSTEDT, MAXFIELD, TESKE, CITY, CMGC, AND**

24                                    **CFMG**

25   128.    By this reference, Defendants Leef and Andrade re-allege and incorporate all of

26   their responses to each and every paragraph contained in the FAC as though fully set forth herein.

27   _____
     15

28   DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF
     ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT
     1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

As none of the allegations contained in paragraphs 129 through 133 relate to Defendant the City of Willits or claims made against it, it is not required to respond to such allegations, and thus neither admits nor denies them.

129.    The allegations contained in paragraph 129 of the FAC consist of plaintiff's characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

130.    Defendants Leef and Andrade deny the allegations contained in paragraph 130 of the FAC.

131.    Defendants Leef and Andrade deny the allegations contained in paragraph 131 of the FAC.

132.    Defendants Leef and Andrade deny the allegations contained in paragraph 132 of the FAC.

133.    Defendants Leef and Andrade deny the allegations contained in paragraph 133 of the FAC.

134.    Defendant City of Willits denies the allegations contained in paragraph 134 of the FAC.

135.    City Defendants deny the allegations contained in paragraph 135 of the FAC.

## FIFTH CAUSE OF ACTION

### (Negligence) – Survival and Wrongful Death Claims

### AGAINST DEFENDANTS LEEF, ANDRADE, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM, PAGE, DE LOS SANTOS, AND REMAINING DOES

136.    By this reference, Defendants Leef and Andrade re-allege and incorporate all of their responses to each and every paragraph contained in the FAC as though fully set forth herein. As none of the allegations contained in paragraphs 136 through 142 relate to Defendant the City of Willits or claims made against it, it is not required to respond to such allegations, and thus neither admits nor denies them.

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

137.    The allegations contained in paragraph 137 of the FAC consist of plaintiff's characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

138.    Defendants Leef and Andrade deny the allegations contained in paragraph 138 of the FAC.

139.    Defendants Leef and Andrade deny the allegations contained in paragraph 139 of the FAC.

140.    Defendants Leef and Andrade deny the allegations contained in paragraph 140 of the FAC.

141.    Defendants Leef and Andrade deny the allegations contained in paragraph 141 of the FAC.

142.    Defendants Leef and Andrade deny the allegations contained in paragraph 142 of the FAC.

### SIXTH CAUSE OF ACTION

### (Assault and Battery) – Survival and Wrongful Death Claims

### AGAINST DEFENDANTS LEEF, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM, PAGE, DE LOS SANTOS, AND REMAINING DOES

143.    By this reference, Defendants Leef and Andrade re-allege and incorporate all of their responses to each and every paragraph contained in the FAC as though fully set forth herein. As none of the allegations contained in paragraphs 143 through 147 relate to Defendant the City of Willits or claims made against it, it is not required to respond to such allegations, and thus neither admits nor denies them.

144.    The allegations contained in paragraph 144 of the FAC consist of plaintiff's characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

145.    Defendants Leef and Andrade deny the allegations contained in paragraph 145 of

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

1   the FAC.

2   146.    Defendants Leef and Andrade deny the allegations contained in paragraph 146 of

3   the FAC.

4   147.    Defendants Leef and Andrade deny the allegations contained in paragraph 147 of

5   the FAC.

6   **SEVENTH CAUSE OF ACTION**

7   **(Violation of California Government Code § 845.6) – Survival and Wrongful Death Claims**

8   **AGAINST DEFENDANTS LEEF, KNAPP, MASTERSON, BERNARDI, GRANT, HOLUM,**

9   **PAGE, DE LOS SANTOS, AND REMAINING DOES, AND COUNTY**

10   148.    By this reference, Defendant Leef re-alleges and incorporates all of his responses to

11   each and every paragraph contained in the FAC as though fully set forth herein. As none of the

12   allegations contained in paragraphs 148 through 152 relate to Defendant the City of Willits or

13   claims made against it, it is not required to respond to such allegations, and thus neither admits nor

14   denies them.

15   149.    The allegations contained in paragraph 149 of the FAC consist of plaintiff's

16   characterization of his claims and their underlying legal bases, and thus no responses to such

17   allegations are required; such allegations are neither admitted nor denied.

18   150.    Defendant Leef denies the allegations contained in paragraph 150 of the FAC.

19   151.    Defendant Leef denies the allegations contained in paragraph 151 of the FAC.

20   152.    Defendant Leef denies the allegations contained in paragraph 152 of the FAC.

21   **EIGHTH CAUSE OF ACTION**

22   **(Intentional Infliction of Emotional Distress) – Survival Claim**

23   **AGAINST DEFENDANTS LEEF AND CITY OF WILLITS**

24   153.    By this reference, City Defendants re-allege and incorporate all of their responses to

25   each and every paragraph contained in the FAC as though fully set forth herein.

26   154.    The allegations contained in paragraph 154 of the FAC consist of plaintiff's

27

28   DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF
ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT
1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

characterization of his claims and their underlying legal bases, and thus no responses to such allegations are required; such allegations are neither admitted nor denied.

155.    City Defendants deny the allegations contained in paragraph 155 of the FAC.

156.    City Defendants deny the allegations contained in paragraph 156 of the FAC.

157.    City Defendants deny the allegations contained in paragraph 157 of the FAC.

<b>NINTH CAUSE OF ACTION</b>

<b>(False Arrest and Imprisonment) – Survival and Wrongful Death Claims</b>

<b><u>AGAINST DEFENDANTS LEEF, ANDRADE, and CITY OF WILLITS</u></b>

158.    By this reference, City Defendants re-allege and incorporate all of their responses to each and every paragraph contained in the FAC as though fully set forth herein.

159.    City Defendants deny the allegations contained in paragraph 159 of the FAC.

160.    City Defendants deny the allegations contained in paragraph 160 of the FAC.

161.    City Defendants deny the allegations contained in paragraph 161 of the FAC.

<b>RELIEF REQUESTED</b>

City Defendants deny the allegations underlying plaintiff's requests for relief contained in the FAC.

<b><u>CITY DEFENDANTS AFFIRMATIVE DEFENSES</u></b>

As separate, distinct and independent affirmative defenses to the FAC on file herein, City Defendants allege as follows:

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

<b>(Failure to State a Claim)</b>

Plaintiff's FAC fails to state facts sufficient to constitute a cause of action against City Defendants.

//

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

19

(Lack of Standing)

Plaintiff lacks standing to bring all or a portion of the claims alleged herein.

**THIRD AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendants Officer Leef, Officer Andrade, and Chief Gonzalez are entitled to qualified immunity from plaintiff's claims brought under 42 U.S.C. § 1983.

**FOURTH AFFIRMATIVE DEFENSE**

(Absolute Sovereign Immunity)

Defendant City of Willits is entitled to absolute sovereign immunity under the Eleventh Amendment to the United States Constitution from all or a portion of plaintiff's claims herein.

**FIFTH AFFIRMATIVE DEFENSE**

(Not a policymaker under 42 U.S.C. § 1983)

City Defendants are not liable for claims brought under 42 U.S.C. § 1983 to the extent that they were not a policymaker with respect to the alleged conduct at issue.

**SIXTH AFFIRMATIVE DEFENSE**

(Estoppel, Laches, and Waiver)

Plaintiff's claims in the FAC are barred by the doctrines of estoppel, laches, and/or waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands and Unlawful Conduct)

Plaintiff's claims in the FAC are barred by the doctrine of unclean hands and/or the decedent's unlawful conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

(Good Faith)

At all times referred to in the FAC, City Defendants acted reasonably and in good faith within the meaning of state and federal law.

**NINTH AFFIRMATIVE DEFENSE**

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

(Legality and Privilege)

City Defendants' actions as alleged in the FAC, including their treatment of the decedent while he was in custody of the Mendocino County Sheriff's Office and City Defendants' actions in adopting and enforcing policies and practices related thereto, were legally justified and privileged.

### TENTH AFFIRMATIVE DEFENSE

(Third Party Liability)

The damages claimed in the FAC were caused solely by the acts or omissions of other parties, persons, or entities, for whom City Defendants are not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

(Contributory Liability/Comparative Fault)

The damages alleged by plaintiff in the FAC, if any, were proximately caused by the negligence, acts, or omissions of other persons or entities, and City Defendants request that an allocation of such negligence, acts, or omissions be made among such other persons or entities. Further, if any liability is found on the part of City Defendants, judgment against City Defendants should be only in an amount which is proportionate to the extent and percentage by which City Defendants' acts or omissions contributed to plaintiff's injuries or damages, if at all, pursuant to the doctrines of contributory liability, comparative fault, and/or provisions of California Civil Code § 1431.2.

### TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff's claims for relief in the FAC are barred based on the plaintiff's and/or decedent's failure to mitigate their alleged damages, in whole or in part.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Government Code Statutory Immunities and Limitation of Liability)

Plaintiff's state law claims against City Defendants are barred by the statutory immunities and limitations of liability provided under state law, including but not limited to those contained in

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

California Government Code §§ 815, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, 822.2, 844.6, 845.2, 845.6, and/or 855.8.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Civil Code Statutory Immunities and Limitations of Liability)

Plaintiff's state law claims against City Defendants are barred by the statutory immunities and limitations of liability provided under state law, including but not limited to those contained in California Civil Code §§ 1714.2 and 1714.21

### FIFTEENTH AFFIRMATIVE DEFENSE

(Unstated Affirmative Defenses)

City Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. City Defendants reserve the right to assert additional defenses in the event that discovery indicates that doing so would be appropriate.

### REQUEST FOR JURY TRIAL

City Defendants hereby demand a trial by jury in this matter.

WHEREFORE, Defendants the City of Willits, Willits Police Officer Kevin Leef, Willits Police Officer Jeff Andrade, and Willits Police Chief Gerardo Gonzalez, pray that:

1. Plaintiff take nothing by reason of his Fourth Amended Complaint for Damages;

2. Defendants be awarded their costs of suit incurred herein;

3. Defendants be awarded their attorneys' fess incurred herein based on the ground that the action or proceedings here were brought without a good faith belief that the facts or applicable law supported recovery and/or pursuant to 42 U.S.C. § 1988, FRCP Rule 11, California Code of Civil Procedure § 1021.7, or other applicable law; and

4. Defendants be granted such further relief as the Court deems proper.

/ / /

/ / /

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT

1:15-CV-03226-RS

PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ LLP

1

Respectfully Submitted,

2   DATED: May 5, 2017

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ LLP

3

4

*/s/ Scott A. Lewis*_____
DAVID F. BEACH
SCOTT A. LEWIS
Attorneys for Defendants
CITY OF WILLITS,
WILLITS POLICE OFFICER KEVIN LEEF,
WILLITS POLICE OFFICER JEFF ANDRADE,
and WILLITS POLICE CHIEF GERARDO
GONZALEZ

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

DEFENDANTS CITY OF WILLITS, WILLITS POLICE OFFICER KEVIN LEEF, WILLITS POLICE OFFICER JEFF
ANDRADE, and WILLITS POLICE CHIEF GERARDO GONZALEZ' ANSWER TO FOURTH AMENDED COMPLAINT
1:15-CV-03226-RS