```
JEROME M. VARANINI, ESQ. (State Bar No. 58531)
THE LAW OFFICES  OF JEROME M. VARANINI
641 FULTON AVENUE, Suite 200
SACRAMENTO, CA (95825)
P.O. BOX 590
SACRAMENTO, CA  95812-0590
TELEPHONE:  (916) 993-4868

Attorney For Defendants
CALIFORNIA FORENSIC MEDICAL GROUP, INC.,
TAYLOR FITHIAN, and JENNIFER L. CAUDILLO, L.V.N.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEUROTH, Individually and as Successor in Interest of Decedent STEVEN KELLOGG NEUROTH<br><br>    Plaintiffs,<br><br>vs.<br><br>MENDOCINO COUNTY, a public entity; MENDOCINO COUNTY SHERIFF-CORONER THOMAS D. ALLMAN, et al;<br><br>    Defendants.<br>_____/ | CASE NO. 3:15-CV-03226-NJV<br><br>**ANSWER TO FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL BY DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., AND JENNIFER L. CAUDILLO, L.V.N.** |

**COME NOW** DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D.,and JENNIFER L. CAUDILLO, L.V.N., and respond to plaintiff's FOURTH AMENDED COMPLAINT ["4AC"] as follows:

**I.**

**RESPONSE TO "JURISDICTION"**

1. In response to paragraph 1 of the 4AC, all the while denying any liability to plaintiff by these responding defendants on the theories alleged or at all, defendants acknowledge that plaintiff has made claims

1

that purport to be based on federal law and, therefore, jurisdiction as to plaintiff's alleged violations by defendants of federal law and the constitution is proper in this court. Defendants acknowledge that this court may chose to exercise supplemental jurisdiction as to the alleged violations of state law contained in the 4AC. Defendants deny that plaintiff is entitled to the relief sought or any relief at all.

## II.

### RESPONSE TO "INTRA DISTRICT ASSIGNMENT"

2. In response to the allegations of paragraph 2, of the 4AC, defendants agree that as this case has been pled, venue are proper in this court.

## III.

### RESPONSE TO "PARTIES AND PROCEDURE"

3. In response to the allegations of paragraphs 3,5,6,7,8,9, 10,11,12,13,14,15,16,17,18,19,20,34,38 and 39 of the 4AC, defendants lack sufficient information and belief to admit or deny the allegations therein contained and on that basis deny said allegations.

4. In response to the allegations of paragraph 4 of the 4AC, defendants deny that plaintiff has any "individual" constitutional right or claim in this matter as the sibling of decedent since no such right to recover exists in federal law and deny further on information and belief that plaintiff as an "individual" has any state law claim based upon the theory of wrongful death for the death of decedent; except as denied, defendants deny all remaining allegations of said paragraph on lack of information and belief.

5. In response to the allegations of paragraphs 21, 22, 24 and 28 of the 4AC, defendants admit that "CMGC" is a Delaware Corporation legally separate and distinct from "CFMG" and that "CMGC" is a majority

1  shareholder in "CFMG." Defendants admit that "CMGC" is a separate
2  corporate entity but deny all allegations concerning the alleged control
3  management, instruction and operation at the Mendocino County Jail by
4  "CMGC" and/or Mr. Hallman as to "CFMG" with respect to the provision and
5  delivery of medical services by "CFMG" at the Mendocino County jail.
6  Except as admitted and denied, defendants deny all remaining allegations
7  of said paragraphs on information and belief.

8       6. In response to the allegations of paragraph 23 of the 4AC
9  defendants deny the allegations therein contained as to "CGMC" and Louis
10 E. "Kip" Hallman, III.  Defendants admit on information and belief that
11 defendant Elaine Hustedt is an executive advisor on administrative matters
12 for "CGMC" but deny that defendant Hustedt is responsible for the
13 decisions concerning  issues involving the scope of the licenses for
14 "CFMG" medical personnel or related issues concerning the formulation and
15 adoption of technical medical practice and procedures for "CFMG."  Further
16 defendants deny the allegations in paragraph 22 of the 4AC as to defendant
17 Maxfield. Defendants admit that defendant Teske is the administrative
18 program manager for the CFMG services at the Mendocino County jail but
19 deny that she is the decision maker with respect for making "CFMG"
20 corporate policies concerning the nature and scope of the areas of
21 practice for nursing personnel. Except as admitted and denied, defendants
22 deny the remaining allegations of said paragraph on lack of information
23 and belief.

24      7. In response to the allegations of paragraph 25 of the 4AC,
25 defendants admit that "CFMG" is a licensed California Corporation separate
26 from "CGMC" and that "CFMG" entered into a contract with the County of
27 Mendocino to provide care for inmates at the Mendocino County Jail
28 pursuant to the terms of that contract; defendants admit that defendant

1 CFMG was responsible for adopting and implementing policies and procedures
2 for the delivery of medical care at the Mendocino County Jail and that
3 such policies and procedures were adopted and implemented by "CFMG" based
4 upon analyses and input from multiple consultative sources to "CFMG" with
5 the understanding that such policies were compliant with applicable rules
6 and regulations.

7     8. In response to the allegations of paragraphs 26 of the 4AC,
8 defendants admit that Dr. Herr is a physician licensed to practice
9 medicine in the State of California and that he became the chief medical
10 officer for "CFMG" after the time of decedent's incarceration at the
11 Mendocino County Jail and, as such, Defendants deny that Dr. Herr had any
12 responsibility for or connection with the delivery of care at the
13 Mendocino County Jail during the time of decedent's incarceration. Except
14 as admitted and denied, defendants deny the remaining allegations of said
15 paragraph on lack of information and belief.

16     9. In response to the allegations of paragraph 27 of the 4AC
17 defendants admit that Dr. Fithian is a licensed physician admitted to
18 practice medicine in the State of California and that he had been the
19 medical director for "CFMG" at the time of decedent's incarceration at the
20 Mendocino County Jail and had been involved in the assessment and adoption
21 of medical policies and procedures applicable to the Mendocino County Jail
22 with the assistance and input for a variety of sources as to specific
23 medical and technical issues pertaining to such care. Except as admitted
24 herein defendants deny the remaining allegations of said paragraph on lack
25 of information and belief.

26     10. In response to the allegations of paragraph 29 of the 4AC,
27 defendants admit that defendant Maxfield is a registered nurse in the
28 State of California and that she currently is a regional manager for

4

"CFMG" concerning the delivery of care at "CFMG" facilities within her geographic areas of responsibility for "CFMG." Defendants deny on information and belief that defendant Maxfield is the "CFMG" regional manager for Mendocino County and deny the remaining allegations of said paragraph on information and belief.

11. In response to the allegations of paragraph 30 of the 4AC, defendants admit that at all relevant times defendant Teske has been a registered nurse in the State of California and has been employed as the administrative program manager for "CFMG" at the Mendocino County Jail. Defendants deny that defendant Teske is or was responsible for the adoption of medical policies and procedures at the Mendocino County Jail but admit that defendant Teske was involved in the administrative supervision and training of medical personnel at the jail. Except as admitted and denied herein defendants deny all remaining allegations of said paragraph on information and belief.

12. In response to the allegations of paragraph 31 of the 4AC, defendants admit that defendant Hustedt was one of the founders of "CFMG" and had historically been involved in administrative personnel matters at the Mendocino County Jail and presently is an advisory capacity with the separate corporate entities. Defendants deny that defendant Hustedt is a medical person and deny that she was a decision maker with respect to medical issues including scope of practice implemented by "CFMG" with respect to such matters at the Mendocino County Jail. Except as admitted and denied, defendants deny the remaining allegations of said paragraph on lack of information and belief.

13. In response to the allegations of paragraph 32 of the 4AC, defendants admit that defendant Cotton has on occasion served as a consultant on specific nursing issues and reviews for "CFMG." Defendants

deny on information and belief that defendant Cotton participated in the initial adoption of any policy or procedure at the Mendocino County Jail concerning the scope of practice of nurses. Defendants admit that defendant Caudillo was an L.V.N. performing services within the scope of her license and with the availability of telephonic supervision by an R.N. at the Mendocino County Jail at the time of the incarceration of decedent at that facility. Except as admitted and denied, defendants deny the remaining allegations of said paragraph on information and belief.

14.  In response to the allegations of paragraphs 35, 36, and 37 defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

## IV.

### RESPONSE TO "GENERAL ALLEGATIONS"

15.  In response to the allegations of paragraph 40 of the 4AC, defendants re-allege and reincorporate herein as if fully set forth, the responses to paragraphs 1 through 39 of the 4AC.

16.  In response to the allegations of paragraphs 41,42,43,44,45,46,47,48,49,50,51,52,59,61,62,63,65,66,67,68,69,70,71,72,73,74,75,83,84,85,86,89,90,91,92,93,96,97 of the 4AC, defendants deny any and all allegations that defendants or any defendant is liable to plaintiffs under any theory of law as pled or at all and deny further the allegations that vicarious liability attaches to any defendant, as well. Except as denied, defendants deny any remaining allegations of said paragraphs on lack of information and belief.

17.  In response to the allegations of paragraph 53 of the 4AC, defendants deny that defendant Caudillo performed an intake medical assessment for decedent; defendants admit that defendant Caudillo did perform a check of decedent's vital signs as part of the sobering cell

6

process. Defendants admit that decedent's vital signs were compatible with those to be expected for a person admitted by custody for incarceration in a sobering cell who had reportedly been using drugs and admit that the arresting officer had described decedent as paranoid; defendants deny that defendant Caudillo had or should have had actual knowledge that decedent was in extreme medical and/or psychiatric distress or that he was in need of immediate referral for medical or psychiatric care; defendants and admit that decedent was calm and cooperative as he was walked from the intake area to the sobering cell by custodial personnel as seen on the jail video. Except as admitt4ed and denied, defendants deny all remaining allegations of said paragraph on information and belief.

18. In response to paragraphs 54 and 55 of the 4AC, defendants admit that defendant Caudillo was the only "CFMG" employee present at the jail at the time of the arrival of decedent; defendants admit that defendant Caudillo had a supervising R.N. available at all times for telephonic supervision during the time that defendant Caudillo had contact with decedent and defendants admit further that such telephonic supervision is approved  as compliant with license regulations for an L.V.N. Except as admitted and denied, defendants deny the remaining allegations of said paragraphs on information and belief.

19. In response to the allegations of paragraphs 56,57,58,60, 64, 76,77,78,79,80,81,82,87,88,94,95,98,99,and 100 of the 4AC defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**V.**

**RESPONSE TO "FIRST CAUSE OF ACTION"**

20.  In response to the allegations of paragraph 101, of the 4AC, defendants re-allege and reincorporate herein as if fully set forth, their

7

response to paragraphs 1 through 100 of the 4AC.

21. In response to the allegations of paragraphs 102-108, of the 4AC, defendants deny all allegations of said paragraphs as and against defendant Caudillo and deny on information and belief all remaining allegations of said paragraphs and that plaintiff was damaged as alleged or at all.

## VI.

### RESPONSE TO "SECOND CAUSE OF ACTION"

22. In response to the allegations of paragraph 109 of the 4AC, defendants re-allege and reincorporate herein as if fully set forth their response to paragraphs 1 through 108 of the 4AC.

23. In response to the allegations of paragraphs 110-118 of the 4AC defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

## VII.

### RESPONSE TO "THIRD CAUSE OF ACTION"

24. In response to the allegations of paragraph 119 of the 4AC defendants re-allege and reincorporate herein as if fully set forth their responses to paragraphs 1 through 86 of the 4AC.

25. In response to the allegations of paragraphs 120-127 of the 4AC defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

## VIII.

### RESPONSE TO "FOURTH CAUSE OF ACTION"

26. In response to the allegations of paragraph 128 of the 4AC, defendants re-allege and reincorporate herein as if fully set forth, their responses to paragraphs 1 through 127 of the 4AC.

27. In response to the allegations of paragraphs 129-135 of the 4AC

defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**IX.**

**RESPONSE TO "FIFTH CAUSE OF ACTION"**

28. In response to the allegations of paragraph 136 of the 4AC, defendants re-allege and reincorporate herein as if fully set forth their responses to all of the paragraphs in the 4AC.

29. In response to the allegations of paragraphs 137-142, of the 4AC, defendants deny the allegations therein contained on information and belief and that plaintiff is entitled to damages as alleged or at all.

**X.**

**RESPONSE TO "SIXTH CAUSE OF ACTION"**

30. In response to the allegations of paragraph 143 of the 4AC, defendants re-allege and reincorporate herein by reference as if fully set forth, their responses to all of the paragraphs in the 4AC.

31. In response to paragraphs 144-147 of the 4AC defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

**XI.**

**RESPONSE TO "SEVENTH CAUSE OF ACTION"**

32. In response to the allegations of paragraph 148 of the 4AC, defendants re-allege and reincorporate herein as if fully set forth, the responses to paragraphs to all paragraphs of the 4AC.

33. In response to the allegations of paragraphs 149-152 of the 4AC, defendants deny the allegations therein contained and that the plaintiff was damaged in any sum or sums as alleged or at all.

**XII**

**RESPONSE TO "EIGHTH CAUSE OF ACTION"**

34. In response to the allegations of paragraph 153 of the 4AC defendant re-alleges herein as if fully set forth the responses to all paragraphs of the 4AC.

35. In response to the allegations of paragraphs 154-157 of the 4AC defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

### XIII

### RESPONSE TO NINTH CAUSE OF ACTION

36. In response to the allegations of paragraph 158 of the 4AC, defendants re-allege and reincorporate herein as if fully set forth their responses to all paragraphs of the 4AC.

37. In response to the allegations of paragraphs 159-161 of the 4AC, defendants deny the allegations therein contained and that plaintiff was damaged in any sum or sums as alleged or at all.

### IX.

### RESPONSE TO "RELIEF REQUESTED"

38. In response to plaintiff's prayer for relief, defendants deny that plaintiff is entitled to any relief requested and deny further that plaintiff is entitled to any relief at all.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for a first affirmative defense, defendants allege that all actions taken, were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus, defendants are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

As and for a second and separate affirmative defense, defendants allege that plaintiff has failed to allege and/or has not stated facts

sufficient to show an affirmative link between these answering defendants and the acts which allegedly caused decedent's death in alleged violation plaintiff's rights.

### THIRD AFFIRMATIVE DEFENSE

As and for a third and separate affirmative defense, defendants allege that pursuant to Government Code section 815, these answering defendants are not liable for any injury, except as otherwise provided by statute.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth and separate affirmative defense, defendants allege that these answering defendants are immune from liability pursuant to Government Code section 820.4.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth and separate affirmative defense, defendants allege on information and belief that persons or entities other than these answering defendants were responsible for the damages, if any there were which defendants deny, alleged by plaintiff. It was this fault or negligence of third parties, and not any act or acts of these answering defendants, which proximately contributed to the damages, if any, suffered by plaintiff. This defense is interposed only in the alternative and does not admit any of the allegations of the FAC.

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth and separate affirmative defense, defendants allege that plaintiff's action is barred by all applicable Government Code immunities including, but not limited to §815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

### SEVENTH AFFIRMATIVE DEFENSE

11

As and for a seventh and separate affirmative defense, defendants allege that they are entitled to immunities provided by the California Business & Professions Code sections 2395, 2396 and 2397.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth and separate affirmative defense, defendants are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code sections 43.55.

**NINTH AFFIRMATIVE DEFENSE**

As and for a ninth and separate affirmative defense, all the while denying that plaintiff, individually as the brother to decedent has any constitutional claim or right as alleged or at all, further deny that any act or failure to act as alleged or otherwise in contravention of decedent's civil rights occurred, these answering defendants assert that all actions or decisions not to act by these defendants were performed in good faith and without malice and without realization or recognition that such conduct would violate any rights of plaintiff, if in fact plaintiff's rights were violated which these defendants deny, such acts or decisions not to act as were performed, were performed with due care and with due regard for the rights of all parties involved, including the public, and as such, these answering defendants are immune from claims that they violated plaintiff's or decedent's alleged civil rights based upon this good faith belief. Furthermore, each action or decision not to act was reasonable under the totality of circumstances present and operative as of the time each such decision and said acts or decisions not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known.

**TENTH AFFIRMATIVE DEFENSE**

12

As a tenth and separate affirmative defense, defendants allege that plaintiff has failed to comply with the Code of Civil Procedure section 425.13(a) with respect to his alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh and separate affirmative defense, defendants allege that in the event these answering defendants are found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), defendants may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiff pursuant to California Civil Code section 3333.1.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth and separate affirmative defense, defendants allege that in the event these answering defendants are found to be liable (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages for non-economic losses shall not exceed the amount specified in California Civil Code section 3333.2.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a thirteenth and separate affirmative defense, defendants allege that in the event these answering defendants are found liable, (which supposition is denied and merely stated for the purpose of this affirmative defense), defendants may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure, section 667.7, paid in whole or in part, as specified in California Code of Civil Procedure section 667.7.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As and for a fourteenth and separate affirmative defense, defendants allege that some or all of the claims asserted in the SAC are barred by

13

the provisions of California Code of Civil Procedure sections 340, 340.5 and 474.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As and for a fifteenth and separate affirmative defense, defendants allege that the provisions of California Civil Code section 1431.2 are applicable to some or all of the claims asserted in the SAC.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for a sixteenth separate affirmative defense, defendants allege that some or all of the claims asserted in the SAC are barred by the provisions of California Civil Code section 1714.8.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As and for an seventeenth separate affirmative defense, defendants allege that plaintiff James Neuroth decedent's brother lacks standing to bring the present action for state action wrongful death damages and similarly lacks standing, as decedent's sibling, to bring any individual claim for any alleged damages arising out of any constitutional claim.

WHEREFORE, Defendants pray for relief as follows:

1. That this court deny all of Plaintiff's prays for relief as and against these answering defendants;

2. That the court enter an order of dismissal with prejudice as to all claims for relief as and against these answering defendants;

3. That the court award costs and recoverable fees to these answering defendants;

4. And, that this court grant additional relief for these answering defendants as the court deems right and just.

Dated: May 8, 2017                    LAW OFFICES OF JEROME M. VARANINI

*/S/ Jerome M. Varanini*
By: Jerome M. Varanini
Attorney For Defendants
CALIFORNIA FORENSIC MEDICAL GROUP, INC.,TAYLOR FITHIAN, M.D., and

14

JENNIFER L. CAUDILLO L.V.N.

**DEMAND FOR JURY TRIAL**

Defendants CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., and JENNIFER L. CAUDILLO, L.V.N. request a trial by jury in this matter.

Dated: May 8, 2017        LAW OFFICES OF JEROME M. VARANINI

                          */S/ Jerome M. Varanini*
                          By: Jerome M. Varanini
                          Attorney For Defendants