UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES NEUROTH,

    Plaintiff,

v.

MENDOCINO COUNTY, et al.,

    Defendants.

Case No. 15-cv-03226-RS

**ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL**

# I. INTRODUCTION

Along with their motions for summary judgment, Willits Defendants[1] and County Defendants[2] move to file several documents and records under seal. For the reasons set forth below, the motions are denied.

# II. LEGAL STANDARD

The commentary to Civil Local Rule 79-5 states that the Court, as a public forum, has a policy of providing the public full access to filed documents. Where sealing of certain materials is nonetheless warranted under applicable law, the rule is designed to ensure that a redacted copy

---

[1] This group consists of the City of Willits, Willits Police Chief Gerardo Gonzalez, and Willits Police Officers Jeff Andrade and Kevin Leef.

[2] This group consists of the County of Mendocino, Mendocino County Sheriff Thomas Allman, Sheriff's Captain Timothy Pearce, and current/former Sheriff's Deputies Lorrie Knapp, Frank Masterson, Craig Bernardi, Michael Grant, Jeanette Holum, Robert Page, and Christine De Los Santos.

1    filed and available for public review that has *the minimum redactions necessary* to protect sealable

2    information. Sealing may be warranted where the information subject to seal is "traditionally kept

3    secret"—i.e., there is no history of public access to the information and no important public need

4    justifying such access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1184-85 (9th Cir.

5    2006); Civ. Local R. 79-5(b).

## III. DISCUSSION

### A. The Willits Defendants' Motion to Seal

The Willits Defendants seek to protect documents that have been designed Confidential pursuant to the parties' stipulated protective order. *See* Exs. 1 and 2 to the Declaration of Scott A. Lewis. The purported justification for sealing these exhibits is that they "contain privileged and highly sensitive information about not only the officers, but also Steven Neuroth, and the circumstances surrounding his death, including his use of drugs and reference to his medical information." Willits Defendants' Admin. Mt. to Seal at 3. According to the Willits Defendants, filing of these documents in the public record "would prejudice and impact the involved officers and[sic] as well as the police department." *Id.* These explanations are highly general in nature and do not justify sealing the exhibits—which include police reports, non-confidential expert reports, and deposition transcripts—in their entirety. Not only is a confidential designation insufficient to satisfy defendants' burden to demonstrate a compelling reason to maintain the documents under seal, some of the documents sought to be sealed have not been designated confidential at all. With respect to confidential information regarding the decedent, Neuroth objects to the motion to seal documents containing such information and requests that they be entered in the public record. For these reasons, the motion by the Willits Defendants to file exhibits under seal is denied.

### B. The County Defendants' Motion to Seal

The County Defendants seek to protect declarations and exhibits containing medical and mental health information of the decedent Steven Neuroth. Neuroth objects to the motion to seal these documents and requests that they be filed in the public record. Accordingly, the County Defendants' motion to seal declarations and accompanying exhibits containing Steven Neuroth's

medical and mental health information is denied.

The County Defendants also seek to protect a demonstrative Combined Audio/Video recording ("CAV") depicting the events leading up to Steven Neuroth's death. The CAV was created by combining jail surveillance recordings with an audio recording made by Officer Leef's personal recording device. The County Defendants take the position that the video should be filed under seal because it depicts sensitive jail security matters. In support of the motion to seal, the County Defendants submit a declaration from Sheriff Allman, who testifies that the release of the CAV would negatively impact the safety and security of the facility where Steven Neuroth was held. Specifically, Sheriff Allman expresses concern that inmates could utilize information about the surveillance situation at the jail to escape or commit an assault, and that they may gain insight into the way staff responds to emergencies such as a combative or uncooperative inmate. Sheriff Allman also objects to the release of the CAV as possibly provoking public outrage.

Public relations concerns, however real they might be, do not justify sealing court records. Although specific safety and security issues may constitute a basis for keeping the CAV under seal, the harms identified in Sheriff Allman's declaration are too speculative to outweigh the presumption of public access. Accordingly, the motion to file the CAV under seal is denied.

## IV. CONCLUSION

For the reasons explained above, the motions to seal filed by the Willits Defendants and County Defendants are denied.

**IT IS SO ORDERED**.

Dated: June 1, 2018

RICHARD SEEBORG
United States District Judge