UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES NEUROTH,

    Plaintiff,

v.

MENDOCINO COUNTY, et al.,

    Defendants.

Case No. 15-cv-03226-RS

**ORDER DENYING RECONSIDERATION**

Defendants County of Mendocino and Deputy Robert Page have each filed motions for leave to seek reconsideration of portions of the order granting in part and denying in part summary judgment. Without prejudice to determining whether the threshold requirements for reconsideration were satisfied, an order issued directing plaintiff to respond. Upon review of the briefing, reconsideration will be denied.

*Deputy Page*

Defendant Deputy Robert Page seeks reconsideration of that portion of the order denying him summary judgment of the excessive force claim. Page contends that the order erroneously lumped his conduct with that of the other deputies involved in restraining the decedent after he had been moved to the safety cell.[1] Page insists the record shows that he personally never applied any

---

[1] The order granted summary judgment in favor of Officer Leef and Deputy Holum on the

"downward pressure on the critical parts" of the decedent's body so as to impair his breathing, and that his conduct cannot be characterized as a "prolonged" use of force. To the extent defendants' briefing in support of the underlying summary judgment motion failed to articulate a basis for distinguishing Page from the other deputies involved in the use of force, reconsideration is not appropriate. See Civil Local Rule 7-9(b)(1)(Where a party requests reconsideration based on facts or law not previously presented, "[t]he party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.")

To the extent the defendants' prior briefing could be construed as including argument for distinguishing Page's conduct from that of other deputies, reconsideration is still not warranted. The order found there to be questions of fact surrounding "how much weight [the decedent] had on his body and where at any one time. Even assuming no critical pressure obstructing breathing was applied *directly* by Page, he was participating in restraining the decedent when such pressure is alleged to have led to the death. While the trier of fact will ultimately determine the liability of each defendant, if any, the record does not permit a conclusion at this stage that Page must be absolved from participation in any unlawful use of force.[2]

Page further argues the order erroneously applied the standards of *Drummond ex rel. Drummond v. City of Anaheim*, 343 F. 3d 1052 (9th Cir. 2003) instead of *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), and/or that to the extent *Drummond* might otherwise generally be applicable in circumstances like these, it is distinguishable and does not support the result of the order. The order specifically addressed *Kingsley*, and its relationship to *Graham v. Connor*, 490 U.S. 386, 397 (1989), which was applied in *Drummond.* That Page disagrees with the legal

---

excessive force claim because the evidence showed neither of them ever entered the safety cell.

[2] For similar reasons, Page is not entitled to summary judgment on qualified immunity grounds regarding his use of a "figure four compliance hold." Even assuming use of such a hold does not in and of itself constitute excessive force where there is a basis physically to restrain a person in custody, that would not preclude liability if one law enforcement officer restrains an inmate while another engages in excessive force.

Case No. 15-cv-03226-RS
2

analysis is not a basis for reconsideration.

*County of Mendocino*

The County of Mendocino seeks reconsideration of the order's conclusion that it has potential *Monell* liability where "a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006)(quoting *Board of County Commissioners v. Brown*, 520 U.S. 397, 409 (1997). Again, defendant's mere disagreement with the order's legal and factual analysis does not support reconsideration.

**IT IS SO ORDERED**.

Dated: December 4, 2018

_____
RICHARD SEEBORG
United States District Judge